Electronically Filed
12/16/2016 5:29:41 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

Cause No. **C-5594-16-J**

| | | |
|---|---|---|
| Jesus Maldonado | § § § | In the District Court |
| *Plaintiff,* | § § § § | |
| vs. | § § | |
| Palomar Specialty Insurance Company and Michael Massey | § § § § | Hidalgo County, Texas |
| *Defendants.* | § § § | _____ Judicial District |

---

### PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Jesus Maldonado ("Plaintiff"), and files this **Plaintiff's Original Petition** complaining of Palomar Specialty Insurance Company and Michael Massey, (or collectively, "Defendants"), and for cause of action, Plaintiff would respectfully show the following:

#### A. DISCOVERY CONTROL PLAN

1.     Plaintiff intends to conduct discovery under Level 2 of Texas Rules of Civil Procedure 190.3.

#### B. PARTIES

2.     Plaintiff, Jesus Maldonado, is an individual residing in Hidalgo County, Texas at 6012 N FM 88, Weslaco, TX 78599.

3.     Defendant, Palomar Specialty Insurance Company, is an insurance company doing business in Texas and may be served as follows: CT Corporation System, 1999 Bryan St. Ste. 900, Dallas, TX 75201.

1

EXHIBIT
B

DATE 1/13/17
A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By_____ Deputy #13

Electronically Filed
12/16/2016 5:29:41 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-5594-16-J

4.      Defendant, Michael Massey, is an adjuster in the course and working scope of employment with Palomar Specialty Insurance Company. Michael Massey can be served at the residential address listed with the Texas Department of Insurance: 3221 Lackland Rd Apt 72, Fort Worth, TX 76116. Plaintiff requests service at this time.

## C. JURISDICTION

5.      The Court has jurisdiction over Palomar Specialty Insurance Company because Palomar Specialty Insurance Company engages in the business of insurance in the State of Texas, and the causes of action arise out of its business activities in the State of Texas, including those in Hidalgo County, Texas, with reference to this specific case.

6.      The Court has jurisdiction over Michael Massey because Michael Massey is a resident of the State of Texas who engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of Michael Massey's business activities in the State of Texas, with reference to this specific case.

## D. VENUE

7.      Venue is proper in Hidalgo County, Texas, because the insured property is situated in Hidalgo County, Texas. Tex. Civ. Prac. & Rem. Code §15.032.

## E. CONDITIONS PRECEDENT

8.      All conditions precedent to recovery have been performed, waived, or have occurred.

## F. AGENCY AND *RESPONDEAT SUPERIOR*

9.      Whenever in this petition it is alleged that Palomar Specialty Insurance Company did any act or omission, it is meant that Palomar Specialty Insurance Company itself or its agents, officers, servants, employees, or representatives did such act or omission, and it was done with the

2

Electronically Filed
12/16/2016 5:29:41 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-5594-16-J

full authorization or ratification of Palomar Specialty Insurance Company or done in the normal routine, course, and scope of the agency or employment of Palomar Specialty Insurance Company or its agents, officers, servants, employees, or representatives.

## G. FACTS

10.     Plaintiff is a named insured under a property insurance policy—PIC-6889 (the "Policy")—issued by Palomar Specialty Insurance Company. The Policy insures, among other things, against losses from storm damage to Plaintiff's property, namely, the real property and improvements located at 6012 N FM 88, Weslaco, TX 78599 (the "Property").

11.     On or about 10/24/2015, during the policy period, a storm caused damage to the Property that was covered the Policy. The storm caused extensive damage to the roof, ceilings, and fence.

12.     Shortly after the storm, Plaintiff noticed damage to Plaintiff's home. Plaintiff contacted Palomar Specialty Insurance Company to notify Palomar Specialty Insurance Company of the damage.

13.     Plaintiff submitted a claim, PSI-73148-057, to Palomar Specialty Insurance Company against the Policy for all roof damage, structural damage, water damage, and wind damage the Property sustained as a result of the storm.

14.     Plaintiff asked that Palomar Specialty Insurance Company honor its contractual obligations to cover the cost of repairs to Plaintiff's home.

15.     Palomar Specialty Insurance Company assigned Michael Massey to adjust the claim. Defendants, Palomar Specialty Insurance Company and Michael Massey, conducted a substandard investigation of Plaintiff's claim, failed to thoroughly investigate Plaintiff's losses, and spent an inadequate amount of time on the investigation. Michael Massey failed to fully inspect

3

Electronically Filed
12/16/2016 5:29:41 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-5594-16-J

all damage to the property.

16.     Despite obvious, visible storm damage, Michael Massey, on his own behalf and on behalf of Palomar Specialty Insurance Company verbally misrepresented to Plaintiff at the time of the inspection that the Property had minimal wind damage. Michael Massey repeated this misrepresentation, again on his own behalf and on behalf of Palomar Specialty Insurance Company, in a letter to Plaintiff dated 11/13/2015.

17.     Together, Defendants Palomar Specialty Insurance Company and Michael Massey set out to deny properly-covered damages by performing a results-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the property.

18.     Defendant Palomar Specialty Insurance Company failed to perform its contractual obligation to adequately compensate Plaintiff under the terms of the Policy. All conditions precedent to recovery under the Policy have been performed by Plaintiff. Palomar Specialty Insurance Company's conduct constitutes a breach of the insurance contract between Palomar Specialty Insurance Company and Plaintiff.

19.     Even though Plaintiff's property sustained obvious damages caused by a covered occurrence, Defendants misrepresented to Plaintiff that the Policy provided coverage to Plaintiff for some of the damage, thus falsely claiming Plaintiff's home had not been damaged. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

20.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE

4

Electronically Filed
12/16/2016 5:29:41 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-5594-16-J

§541.060(a)(2)(A).

21.     Defendants refused to adequately compensate Plaintiff under the terms of the Policy even though they failed to conduct a reasonable investigation of the claim. This conduct violated the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §542.060(a)(7).

22.     Defendants failed to offer Plaintiff a reasonable explanation for why Plaintiff's claim was being denied. This conduct violated the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

23.     Defendant, Palomar Specialty Insurance Company, failed to timely acknowledge Plaintiff's claim, begin an investigation of the claim, and request all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of the claim. This conduct violated the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

24.     Defendant, Palomar Specialty Insurance Company, failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all the necessary information. This conduct was a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

25.     Defendant, Palomar Specialty Insurance Company, has delayed full payment of Plaintiff's claim longer than allowed, and, to date, Plaintiff has not received full payment for Plaintiff's claim. This conduct is a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

26.     Since the time Plaintiff's claim was presented to Defendant Palomar Specialty Insurance Company, the liability of Palomar Specialty Insurance Company to pay the full claim in accordance with the terms of the Policy has been reasonably clear. Nevertheless, Palomar Specialty

Electronically Filed
12/16/2016 5:29:41 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-5594-16-J

Insurance Company has refused to pay, despite there being no basis on which a reasonable insurance company would have relied to deny the claim. This conduct is a violation of Palomar Specialty Insurance Company's duty of good faith and fair dealing.

27.     All Defendants knowingly or recklessly made false representations, as described above, as to material facts. Alternatively, all Defendants knowingly concealed all or part of material information from Plaintiff.

28.     To date, Plaintiff has yet to receive full payment for the damages to which Plaintiff is entitled under the Policy. Plaintiff has suffered damages as a result of Defendants' actions described above. The mishandling of Plaintiff's claim also caused a delay in Plaintiff's ability to fully repair his property, resulting in additional damages.

## H.  CAUSES OF ACTION

### I.   BREACH OF CONTRACT (AGAINST Palomar Specialty Insurance Company)

29.     Defendant Palomar Specialty Insurance Company had a contract of insurance with Plaintiff. Plaintiff met or performed all conditions precedent under the contract. Palomar Specialty Insurance Company breached the terms of that contract by wrongfully denying and/or underpaying the claim, and Plaintiff was damaged thereby.

30.     Defendant Palomar Specialty Insurance Company is therefore liable to Plaintiff for breach of contract.

### II.  PROMPT PAYMENT OF CLAIMS STATUTE (AGAINST Palomar Specialty Insurance Company)

31.     Plaintiff's claim is a claim under an insurance policy with Defendant Palomar Specialty Insurance Company, of which Plaintiff gave Palomar Specialty Insurance Company proper notice. Palomar Specialty Insurance Company is liable for the claim.

32.     Defendant Palomar Specialty Insurance Company violated the prompt payment of

6

Electronically Filed
12/16/2016 5:29:41 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-5594-16-J

claims provisions of the Texas Insurance Code, namely, section 542.051 et seq., by:

33.     Failing to acknowledge or investigate the claim or to request from Plaintiff all items, statements, and forms Palomar Specialty Insurance Company reasonably believed would be required within the time constraints provided by Tex. Ins. Code § 542.055; Failing to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints provided by Tex. Ins. Code § 542.056; and/or Delaying payment of the claim following Palomar Specialty Insurance Company's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by Tex. Ins. Code § 542.058.

34.     Defendant Palomar Specialty Insurance Company is therefore liable to Plaintiff for damages. In addition to Plaintiff's claim for damages, Plaintiff is further entitled to 18% interest and attorney's fees as set forth in section 542.060 of the Texas Insurance Code.

## III. UNFAIR SETTLEMENT PRACTICES/BAD FAITH (AGAINST ALL DEFENDANTS)

35.     Each of the foregoing paragraphs is incorporated by reference here fully.

36.     As explained further herein, Defendants violated Tex. Ins. Code § 541.060(a) by engaging in unfair settlement practices.

**DEFENDANT** Palomar Specialty Insurance Company

37.     Defendant Palomar Specialty Insurance Company engaged in unfair settlement practices by misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue; failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after Palomar Specialty Insurance Company's liability became reasonably clear; failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for Palomar Specialty Insurance Company's denial of a claim or offer of a compromise settlement of a claim; failing within a reasonable time to affirm or deny coverage

7

Electronically Filed
12/16/2016 5:29:41 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-5594-16-J

of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

38.     Each of the aforementioned unfair settlement practices was committed knowingly by Defendant Palomar Specialty Insurance Company and was a producing cause of Plaintiff's damages. Palomar Specialty Insurance Company is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff damages.

**DEFENDANT** Michael Massey

39.     Defendant Michael Massey was a contractor and/or adjuster assigned by Michael Massey to assist with adjusting the claim. Michael Massey was charged with investigating the claim and communicated with the insured about the Policy terms. Insurance adjusters are "persons engaged in the business of insurance" under Tex. Ins. Code 541.001, et seq., and are individually liable for their individual violations of the Texas Insurance Code. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998).

40.     Michael Massey was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including the discovery of covered damages and fully quantifying covered damages to Plaintiff's Property.

41.     Michael Massey conducted a substandard, results-oriented inspection of the Property.

42.     As such, Michael Massey failed to discover covered damages and/or fully quantify covered damages to Plaintiff's Property, as the Policy and Texas law require.

43.     Further, Michael Massey misrepresented material facts to Plaintiff, that is, the existence and true value of Plaintiff's covered losses. Additionally, Michael Massey failed to provide Plaintiff with a reasonable explanation as to why Michael Massey was not compensating

8

Electronically Filed
12/16/2016 5:29:41 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-5594-16-J

Plaintiff for the covered losses, or the true value thereof.

44.     Thus, Michael Massey engaged in unfair settlement practices by: misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue; failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after Palomar Specialty Insurance Company's liability became reasonably clear; failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its adjuster's denial of the claim or offer of a compromise settlement of the claim; and/or failing to conduct a reasonable investigation of Plaintiff's claim. Each of the aforementioned unfair settlement practices was committed knowingly by Michael Massey and was a producing cause of Plaintiff's damages. Michael Massey is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff damages.

## IV.    DTPA VIOLATIONS (AGAINST ALL DEFENDANTS)

45.     Each of the foregoing paragraphs is incorporated by reference here fully.

46.     At all material times herein, Plaintiff was a "consumer" who purchased insurance products and services from Defendants, and the products and services form the basis of this action.

47.     Defendants have violated the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") in at least the following respects:

48.     Defendants represented the Policy confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law; Defendants represented goods, products, or services had sponsorship, approval, characteristics, uses, benefits, or quantities they do not have; Defendants failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce Plaintiff into a transaction Plaintiff would not have entered

9

Electronically Filed
12/16/2016 5:29:41 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-5594-16-J

into had the information been disclosed; Defendants, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that Defendants took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code; generally engaging in unconscionable courses of action while handling Plaintiff's claim; and/or violating the provisions of the Texas Insurance Code, as further described elsewhere herein.

49.     As a result of Defendants' violations of the DTPA, Plaintiff suffered actual damages, and such violations were a producing, actual, and proximate cause of Plaintiff's damages.  Therefore, Defendants are liable to Plaintiff for violations of the DTPA.

50.     Further, Defendants knowingly and/or intentionally committed the acts complained of herein. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

## V.     BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING (AGAINST Palomar Specialty Insurance Company)

51.     Defendant Palomar Specialty Insurance Company breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the claim when Palomar Specialty Insurance Company knew or should have known liability was reasonably clear. Palomar Specialty Insurance Company's conduct proximately caused Plaintiff's damages.

52.     Defendant Palomar Specialty Insurance Company is therefore liable to Plaintiff.

## VI.    ATTORNEY'S FEES

53.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorney's fees and expenses through trial and any appeal.

10

Electronically Filed
12/16/2016 5:29:41 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-5594-16-J

54.     Plaintiff is entitled to recover reasonable and necessary attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001–38.003 because Plaintiff is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

55.     Plaintiff is additionally or alternatively entitled to recover reasonable and necessary attorney's fees pursuant to Tex. Bus. & Com. Code § 17.50(d).

56.     Plaintiff is additionally or alternatively entitled to recover reasonable and necessary attorney's fees pursuant to sections 541.152 and 542.060 of the Texas Insurance Code.

## I. KNOWLEDGE

57.     Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## J. DAMAGES

58.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

59.     As previously mentioned, the damages caused by the 10/24/2015 storm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

60.     For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

61.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been

11

Electronically Filed
12/16/2016 5:29:41 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-5594-16-J

paid pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

62.     For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

63.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

64.     For fraud, Plaintiff is entitled to recover actual damages, as well as exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

65.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## K. STATEMENT OF RELIEF AND DAMAGES

66.     As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff is

Electronically Filed
12/16/2016 5:29:41 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-5594-16-J

seeking monetary relief of over $100,000, but not more than $200,000, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney's fees. A jury, however, will ultimately determine the amount of monetary relief actually awarded. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## L.  RESERVATION OF RIGHTS

67.    Plaintiff reserves the right to prove the amount of damages at trial.  Plaintiff reserves the right to amend this petition to add additional counts upon further discovery and as the investigation continues.

## M.  JURY DEMAND

68.    Plaintiff hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Hidalgo County, Texas.  Plaintiff hereby tenders the appropriate jury fee.

## N.  REQUEST FOR DISCLOSURE

69.    Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 194.2.

## O.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recover such sum as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all court costs on Plaintiff's behalf expended, for pre-judgment and post-judgment interest as allowed by

13

Electronically Filed
12/16/2016 5:29:41 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-5594-16-J

law, and for any other and further relief, either at law or in equity, to which Plaintiff is justly entitled.

Respectfully submitted,

**ZAR LAW FIRM**

*/s/Matthew M. Zarghouni*
Matthew Zarghouni
State Bar No. 24086085
7322 Southwest Fwy, Suite 1965
Houston, Texas 77074
Office: (713) 333-5533
Fax: (832) 448-9149
Matt@zar-law.com

**ATTORNEY FOR PLAINTIFF**

Electronically Filed
12/16/2016 5:29:41 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

## CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____ **C-5594-16-J** ___ COURT *(FOR CLERK USE ONLY):* _____

STYLED JESUS MALDONADO V. PALOMAR SPECIALTY INSURANCE COMPANY AND MICHAEL MASSEY

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br>Matthew Zarghouni | Email:<br>matt@zar-law.com | Plaintiff(s)/Petitioner(s):<br><br>Jesus Maldonado | ☒Attorney for Plaintiff/Petitioner<br>☐Pro Se Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: _____ |
| Address:<br>7322 Southwest Freeway, Ste 1965 | Telephone:<br>7133335533 | _____ | Additional Parties in Child Support Case: |
| City/State/Zip:<br>Houston, TX 77074 | Fax:<br>8324489149 | Defendant(s)/Respondent(s):<br><br>Palomar Specialty Insurance Company and Michael Massey | Custodial Parent:<br><br>Non-Custodial Parent:<br><br>Presumed Father: |
| Signature:<br><br>/s/Matthew Zarghouni | State Bar No:<br>24086085 | _____<br>[Attach additional page as necessary to list all parties] | |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☒Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract:<br><br>*Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☒Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract: | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>  ☐Accounting<br>  ☐Legal<br>  ☐Medical<br>  ☐Other Professional<br>    Liability: _____<br>☐Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>  ☐Asbestos/Silica<br>  ☐Other Product Liability<br>    List Product:<br>  _____<br>☐Other Injury or Damage:<br>  _____ | ☐Eminent Domain/<br>  Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property:<br>_____<br><br>**Related to Criminal Matters**<br>☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus—<br>  Pre-indictment<br>☐Other: _____ | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>  ☐With Children<br>  ☐No Children<br><br><br>**Other Family Law**<br>☐Enforce Foreign<br>  Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities<br>  of Minority<br>☐Other: _____ | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other<br>**Title IV-D**<br>☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order<br><br>**Parent-Child Relationship**<br>☐Adoption/Adoption with<br>  Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Paternity/Parentage<br>☐Termination of Parental<br>  Rights<br>☐Other Parent-Child:<br>  _____ |
| **Employment** | | **Other Civil** | | |
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment:<br>_____ | ☐Administrative Appeal<br>☐Antitrust/Unfair<br>  Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: _____ | | |
| **Tax** | | **Probate & Mental Health** | | |
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: _____ | | |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1):*

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court | ☐Declaratory Judgment | ☐Prejudgment Remedy |
| ☐Arbitration-related | ☐Garnishment | ☐Protective Order |
| ☐Attachment | ☐Interpleader | ☐Receiver |
| ☐Bill of Review | ☐License | ☐Sequestration |
| ☐Certiorari | ☐Mandamus | ☐Temporary Restraining Order/Injunction |
| ☐Class Action | ☐Post-judgment | ☐Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case):*

I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By _____ Deputy#13

Electronically Filed
12/16/2016 5:29:41 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☒ Over $100, 000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

C-5594-16-J

Rev 2/13

## CIVIL PROCESS REQUEST FORM

Electronically Filed
12/16/2016 5:29:41 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

CASE NUMBER: **C-5594-16-J**          CURRENT COURT: _____

TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types): Citation and Petition _____

FILE DATE OF MOTION: 12/16/2016 _____
Month/          Day/          Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

1.  NAME: Palomar Specialty Insurance Company_____

    ADDRESS: _____

    AGENT, (*if applicable*): CT Corporation System, 1999 Bryan St. Ste. 900, Dallas, TX 75201.

TYPE OF SERVICE/PROCESS TO BE ISSUED (*see reverse for specific type*): _____

SERVICE BY (*check one*):
- ☐ ATTORNEY PICK-UP                ☐ CONSTABLE
- ☒ CIVIL PROCESS SERVER - Authorized Person to Pick-up: Santiago Legal Servicing __ Phone: (972) 497-2122 _
- ☐ MAIL                            ☐ CERTIFIED MAIL
- ☐ PUBLICATION:
    Type of Publication:    ☐ COURTHOUSE DOOR, or
                            ☐ NEWSPAPER OF YOUR CHOICE: _____
- ☐ OTHER, *explain* _____

### ATTENTION: Effective June1, 2010

For all Services Provided by the DISTRCT CLERKS OFFICE requiring our office to MAIL something back to the Requesting Party, we require that the Requesting Party provide a Self-Addressed Stamped Envelope with sufficient postage for mail back. Thanks you,

*************************************************************************************************************

2.  NAME: Michael Massey

    ADDRESS: 3221 Lackland Rd Apt 72, Fort Worth, TX 76116_____

    AGENT, (*if applicable*): _____

TYPE OF SERVICE/PROCESS TO BE ISSUED (*see reverse for specific type*): _____

SERVICE BY (*check one*):
- ☐ ATTORNEY PICK-UP                ☐ CONSTABLE
- ☒ CIVIL PROCESS SERVER - Authorized Person to Pick-up: Santiago Legal Servicing _ Phone: (972) 497-2122 _
- ☐ MAIL                            ☐ CERTIFIED MAIL
- ☐ PUBLICATION:
    Type of Publication:    ☐ COURTHOUSE DOOR, or
                            ☐ NEWSPAPER OF YOUR CHOICE: _____
- ☐ OTHER, *explain* _____

---

ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:

NAME: Matthew Zarghouni_____ TEXAS BAR NO./ID NO. 24086085 _____

MAILING ADDRESS: 7322 Southwest Fwy, Suite 1965, Houston, Texas 77074 _____

PHONE NUMBER: 713 333 5533          FAX NUMBER: 832 448 9149
                area code          phone number                    area code          fax number

EMAIL ADDRESS: matt@zar-law.com ; paralegal@zar-law.com _____

Page 1 of 2

DATE 1/13/17
A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
Deputy #18

Electronically Filed

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION. FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
_____ AMENDED PETITION
_____ SUPPLEMENTAL PETITION

COUNTERCLAIM
_____ AMENDED COUNTERCLAIM
_____ SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____ AMENDED CROSS-ACTION
_____ SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____ AMENDED THIRD-PARTY PETITION
_____ SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____ AMENDED INTERVENTION
_____ SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____ AMENDED INTERPLEADER
_____ SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:
ORDER TO: _____
                        (specify)

MOTION TO: _____
                        (specify)

PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

C-5594-16-J

430TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

### CITATION

### STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**Palomar Specialty Insurance Company**
**CT Corporation System,**
**1999 Bryan St. Ste. 900,**
**Dallas, TX 75201.**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Israel Ramon, Jr., 430th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 16th day of December, 2016 and a copy of same accompanies this citation. The file number and style of said suit being C-5594-16-J, **JESUS MALDONADO VS. PALOMAR SPECIALTY INSURANCE COMPANY AND MICHAEL MASSEY**

Said Petition was filed in said court by MATTHEW M. ZARGHOUNI, ZAR LAW FIRM 7322 SOUTHWEST FWY SUITE 1965 HOUSTON TX 77074.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 22nd day of December, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

**PRISCILLA RIVAS, DEPUTY CLERK**

DATE 1/13/17

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By_____Deputy#13

### C-5594-16-J
### OFFICER'S RETURN

Came to hand on _____ of _____, 201____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
           miles ...................$_____


_____
**DEPUTY**
### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,
### CONSTABLE OR CLERK OF THE COURT
In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201___.


_____
**Declarant"**


_____
**If Certified by the Supreme Court of Texas
Date of Expiration / SCH Number**

C-5594-16-J
430TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

CITATION

STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

Michael Massey
3221 Lackland Rd Apt 72,
Fort Worth, TX 76116

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Israel Ramon, Jr., 430th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 16th day of December, 2016 and a copy of same accompanies this citation. The file number and style of said suit being C-5594-16-J, **JESUS MALDONADO VS. PALOMAR SPECIALTY INSURANCE COMPANY AND MICHAEL MASSEY**

Said Petition was filed in said court by MATTHEW M. ZARGHOUNI, ZAR LAW FIRM 7322 SOUTHWEST FWY SUITE 1965 HOUSTON TX 77074.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 22nd day of December, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

**PRISCILLA RIVAS, DEPUTY CLERK**

DATE _1/13/7_
A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By_____ Deputy#13

C-5594-16-J
## OFFICER'S RETURN

Came to hand on _____ of _____, 201____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:  serving ... copy(s) $_____
       miles ...................$_____


_____
**DEPUTY**
## COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201___.


_____
**Declarant"**


_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

Electronically Filed
12/27/2016 10:02:37 AM
Hidalgo County District Clerks
Reviewed By: Adriana Garcia

## AFFIDAVIT OF SERVICE

**State of Texas**        **County of Hidalgo**        **Court**

Case Number: C-5594-16-J

Plaintiff:
**Jesus Maldonado**

vs.

Defendant:
**Palomar Specialty Insurance Company and Michael Massey**

For:
Matthew Zarghouni
Zar Law Firm
7322 Southwest Freeway
Suite 1965
Houston, TX 77074

Received by Amado Santiago on the 22nd day of December, 2016 at 1:38 pm to be served on **Palomar Specialty Insurance Company.**

I, Amado Santiago, being duly sworn, depose and say that on the **22nd day of December, 2016 at 2:40 pm,** I:

served a **REGISTERED AGENT** by delivering a true copy of the **Citation and Plaintiff's Original Petition, Jury Demand, and Request for Disclosure** with the date and hour of service endorsed thereon by me, to: **Kelvin Bennett CT Corporation System** as Registered Agent at the address of: **1999 Bryan Street, Suite 900, Dallas, TX 75201** on behalf of **Palomar Specialty Insurance Company,** and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am authorized to serve pursuant to Rule 103 of the Texas Rules of Civil Procedure and the Supreme Court of Texas Order.

Before me, a notary public, on this day personally appeared the above named person, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his/her personal knowledge and experience to be true and correct. Given under my mand and seal of office on the 22nd day of December, 2016 .

**NOTARY PUBLIC**

ANDREW JOSHUA SANTIAGO
Notary Public, State of Texas
My Commission Expires
July 09, 2017

**Amado Santiago**
SCH# 10256, Exp. 4/30/19

**Santiago Legal Services**
P.O. Box 1505
Wylie, TX 75098
(972) 497-2122

Our Job Serial Number: SGO-2016000789
Ref: Maldonado v. Palomar

Copyright © 1992-2016 Database Services, Inc. - Process Server's Toolbox V7.1g

DATE

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By_____Deputy#13