**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| **JESUS MALDONADO** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 7:17-CV-00024** |
| | § | |
| **PALOMAR SPECIALTY** | § | |
| **INSURANCE COMPANY AND** | § | |
| **MICHAEL MASSEY** | § | |
| **Defendants** | § | |

---

**PLAINTIFF'S AMENDED COMPLAINT**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Jesus Maldonado ("Plaintiff"), and files this **Plaintiff's Amended Complaint** complaining of Palomar Specialty Insurance Company and Michael Massey, (or collectively, "Defendants"), and for cause of action, Plaintiff would respectfully show the following:

## A. PRELIMINARY STATEMENT

1. This is an insurance coverage lawsuit, in which Plaintiff asserts claims for breach of contract, refusal to pay claims when liability under the insurance policy is reasonably clear and other unfair settlement practices, and failure to pay insurance claims promptly. Defendants have refused to honor their obligations to compensate Plaintiff in connection with the storm-related damages to their homes which are plainly within the scope of coverage under their insurance policy. Plaintiff is therefore compelled to file this lawsuit.

## B. PARTIES

1. Plaintiff, Jesus Maldonado, is an individual residing in Hidalgo County, Texas at 6012 N FM 88, Weslaco, TX 78599.

2.     Defendant, Palomar Specialty Insurance Company, is an insurance company doing business in Texas and has been served and answered.

3.     Defendant, Michael Massey, is an adjuster in the course and working scope of employment with Palomar Specialty Insurance Company. Michael Massey resides at 3221 Lackland Rd Apt 72, Fort Worth, TX 76116.

## C. JURISDICTION

4.     Plaintiff and Defendant Michael Massey are citizens of the same state. Plaintiff and Defendant Palomar Specialty Insurance Company are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. This case was initially filed in Texas district court of Hidalgo county.  Defendant removed this case despite the absence diversity, alleging that Defendant Michael Massey is an improper party. Therefore, this Court only has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a)(1) to the extent that that the controversy is only between Palomar Specialty Insurance Company and Jesus Maldonado.

## D. VENUE

5.     Venue is proper in this Court under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to Plaintiffs' claim occurred in this district.

## E.  CONDITIONS PRECEDENT

4.     All conditions precedent to recovery have been performed, waived, or have occurred.

## F.  AGENCY AND *RESPONDEAT SUPERIOR*

5.     Whenever in this petition it is alleged that Palomar Specialty Insurance Company did any act or omission, it is meant that Palomar Specialty Insurance Company itself or its agents, officers, servants, employees, or representatives did such act or omission, and it was done with the

full authorization or ratification of Palomar Specialty Insurance Company or done in the normal routine, course, and scope of the agency or employment of Palomar Specialty Insurance Company or its agents, officers, servants, employees, or representatives.

## G.  FACTS

6.     Plaintiff is a named insured under a property insurance policy—PIC-6889 (the "Policy")—issued by Palomar Specialty Insurance Company. The Policy insures, among other things, against losses from storm damage to Plaintiff's property, namely, the real property and improvements located at 6012 N FM 88, Weslaco, TX 78599 (the "Property").

7.     On or about 10/24/2015, during the policy period, a storm caused damage to the Property that was covered the Policy. The storm caused extensive damage to the roof, ceilings, and fence.

8.     Shortly after the storm, Plaintiff noticed damage to Plaintiff's home. Plaintiff contacted Palomar Specialty Insurance Company to notify Palomar Specialty Insurance Company of the damage.

9.     On October 27, 2015, Plaintiff submitted a claim, PSI-73148-057, to Palomar Specialty Insurance Company against the Policy for all roof damage, structural damage, water damage, and wind damage the Property sustained as a result of the storm.

10.     Plaintiff, who has no experience with or subject matter expertise in roofing, asked that Palomar Specialty Insurance Company honor its contractual obligations to cover the cost of repairs to Plaintiff's home.

11.     Palomar Specialty Insurance Company assigned Michael Massey to adjust the claim. Michael Massey, in turn hired a field appraiser to visit Plaintiff's home and take pictures of the property. Mr. Massey is a licensed adjuster with experience and subject matter expertise in

roofing. Despite the evidence of storm-related damage, Mr. Massey wrote a claim resolution letter to Plaintiff. Defendants, Palomar Specialty Insurance Company and Michael Massey, conducted a substandard investigation of Plaintiff's claim, failed to thoroughly investigate Plaintiff's losses, and spent an inadequate amount of time on the investigation. Michael Massey did not ask the field appraiser to fully inspect all damage to the property.

12.     Despite obvious, visible storm damage, Michael Massey, on his own behalf and on behalf of Palomar Specialty Insurance Company verbally misrepresented to Plaintiff at the time of the inspection that the Property had minimal wind damage. Furthermore, in the claim resolution letter, dated November 13, 2015, Mr. Massey falsely and knowingly/intentionally represented to Plaintiff that there was no storm-related damage to Plaintiff's home.

13.     Together, Defendants Palomar Specialty Insurance Company and Michael Massey set out to deny properly-covered damages by performing a results-oriented assessment of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the property.

14.     Defendant Palomar Specialty Insurance Company failed to perform its contractual obligation to adequately compensate Plaintiff under the terms of the Policy. All conditions precedent to recovery under the Policy have been performed by Plaintiff. Palomar Specialty Insurance Company's conduct constitutes a breach of the insurance contract between Palomar Specialty Insurance Company and Plaintiff.

15.     Even though Plaintiff's property sustained obvious damages caused by a covered occurrence, Defendants misrepresented to Plaintiff that the Policy provided coverage to Plaintiff for some of the damage, thus falsely claiming Plaintiff's home had not been damaged. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE

4

§541.060(a)(1).

16.    Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

17.    Defendants refused to adequately compensate Plaintiff under the terms of the Policy even though they failed to conduct a reasonable investigation of the claim. This conduct violated the Texas Insurance Code, Unfair Settlement Practices. TEX. INS.  CODE §542.060(a)(7).

18.    Defendants failed to offer Plaintiff a reasonable explanation for why Plaintiff's claim was being denied. This conduct violated the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

19.    Defendant, Palomar Specialty Insurance Company, failed to timely acknowledge Plaintiff's claim, begin an investigation of the claim, and request all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of the claim. This conduct violated the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

20.    Defendant, Palomar Specialty Insurance Company, failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all the necessary information. This conduct was a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

21.    Defendant, Palomar Specialty Insurance Company, has delayed full payment of Plaintiff's claim longer than allowed, and, to date, Plaintiff has not received full payment for Plaintiff's claim. This conduct is a violation of the Texas Insurance Code, Prompt Payment of

Claims. TEX. INS. CODE §542.058.

22.     Since the time Plaintiff's claim was presented to Defendant Palomar Specialty Insurance Company, the liability of Palomar Specialty Insurance Company to pay the full claim in accordance with the terms of the Policy has been reasonably clear. Nevertheless, Palomar Specialty Insurance Company has refused to pay, despite there being no basis on which a reasonable insurance company would have relied to deny the claim.  This conduct is a violation of Palomar Specialty Insurance Company's duty of good faith and fair dealing.

23.     All Defendants knowingly or recklessly made false representations, as described above, as to material facts. Alternatively, all Defendants knowingly concealed all or part of material information from Plaintiff.

24.     To date, Plaintiff has yet to receive full payment for the damages to which Plaintiff is entitled under the Policy. Plaintiff has suffered damages as a result of Defendants' actions described above. The mishandling of Plaintiff's claim also caused a delay in Plaintiff's ability to fully repair his property, resulting in additional damages.

## H.  CAUSES OF ACTION

### I.   BREACH OF CONTRACT (Against Palomar Specialty Insurance Company)

25.     Defendant Palomar Specialty Insurance Company had a contract of insurance with Plaintiff. Plaintiff met or performed all conditions precedent under the contract. Palomar Specialty Insurance Company breached the terms of that contract by wrongfully denying and/or underpaying the claim, and Plaintiff was damaged thereby.

26.     Defendant Palomar Specialty Insurance Company is therefore liable to Plaintiff for breach of contract.

### II.   PROMPT PAYMENT OF CLAIMS STATUTE (Against Palomar Specialty Insurance Company)

27.     Plaintiff's claim is a claim under an insurance policy with Defendant Palomar Specialty Insurance Company, of which Plaintiff gave Palomar Specialty Insurance Company proper notice. Palomar Specialty Insurance Company is liable for the claim.

28.     Defendant Palomar Specialty Insurance Company violated the prompt payment of claims provisions of the Texas Insurance Code, namely, section 542.051 et seq., by:

29.     Failing to acknowledge or investigate the claim or to request from Plaintiff all items, statements, and forms Palomar Specialty Insurance Company reasonably believed would be required within the time constraints provided by Tex. Ins. Code § 542.055; Failing to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints provided by Tex. Ins. Code § 542.056; and/or Delaying payment of the claim following Palomar Specialty Insurance Company's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by Tex. Ins. Code § 542.058.

30.     Defendant Palomar Specialty Insurance Company is therefore liable to Plaintiff for damages. In addition to Plaintiff's claim for damages, Plaintiff is further entitled to 18% interest and attorney's fees as set forth in section 542.060 of the Texas Insurance Code.

**III.    UNFAIR   SETTLEMENT   PRACTICES/BAD   FAITH** (AGAINST   ALL DEFENDANTS)

31.     Each of the foregoing paragraphs is incorporated by reference here fully.

32.     As explained further herein, Defendants violated Tex. Ins. Code § 541.060(a) by engaging in unfair settlement practices.

**DEFENDANT** Palomar Specialty Insurance Company

33.     Defendant Palomar Specialty Insurance Company engaged in unfair settlement practices by misrepresenting to Plaintiff a material fact or policy provision relating to the coverage

at issue; failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after Palomar Specialty Insurance Company's liability became reasonably clear; failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for Palomar Specialty Insurance Company's denial of a claim or offer of a compromise settlement of a claim; failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

34.     Each of the aforementioned unfair settlement practices was committed knowingly by Defendant Palomar Specialty Insurance Company and was a producing cause of Plaintiff's damages. Palomar Specialty Insurance Company is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff damages.

**DEFENDANT** Michael Massey

35.     Defendant Michael Massey assigned a field appraiser to assist with investigation of the Plaintiff's home before Mr. Massey conducted a substandard adjustment of the claim. Michael Massey was charged with investigating the claim and communicated with the insured about the Policy terms. Insurance adjusters are "persons engaged in the business of insurance" under Tex. Ins. Code 541.001, et seq., and are individually liable for their individual violations of the Texas Insurance Code. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc*., 966 S.W.2d 482, 486 (Tex. 1998).

36.     Michael Massey was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including the discovery of covered damages and fully quantifying covered damages to Plaintiff's Property.

37.     Michael Massey conducted a substandard, results-oriented assessment of the

Property's damages.

38.     As such, Michael Massey failed to discover covered damages and/or fully quantify covered damages to Plaintiff's Property, as the Policy and Texas law require.

39.     Further, Michael Massey misrepresented material facts to Plaintiff, that is, the existence and true value of Plaintiff's covered losses. Additionally, Michael Massey failed to provide Plaintiff with a reasonable explanation as to why Michael Massey was not compensating Plaintiff for the covered losses, or the true value thereof.

40.     Thus, Michael Massey engaged in unfair settlement practices by: misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue; failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after Palomar Specialty Insurance Company's liability became reasonably clear; failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its adjuster's denial of the claim or offer of a compromise settlement of the claim; and/or failing to conduct a reasonable investigation of Plaintiff's claim. Each of the aforementioned unfair settlement practices was committed knowingly by Michael Massey and was a producing cause of Plaintiff's damages. Michael Massey is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff damages.

IV.    **DTPA VIOLATIONS** (Against All Defendants)

41.     Each of the foregoing paragraphs is incorporated by reference here fully.

42.     At all material times herein, Plaintiff was a "consumer" who purchased insurance products and services from Defendants, and the products and services form the basis of this action.

43.     Defendants have violated the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") in at least the following respects:

44.     Defendants represented the Policy confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law; Defendants represented goods, products, or services had sponsorship, approval, characteristics, uses, benefits, or quantities they do not have; Defendants failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce Plaintiff into a transaction Plaintiff would not have entered into had the information been disclosed; Defendants, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that Defendants took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code; generally engaging in unconscionable courses of action while handling Plaintiff's claim; and/or violating the provisions of the Texas Insurance Code, as further described elsewhere herein.

45.     As a result of Defendants' violations of the DTPA, Plaintiff suffered actual damages, and such violations were a producing, actual, and proximate cause of Plaintiff's damages.  Therefore, Defendants are liable to Plaintiff for violations of the DTPA.

46.     Further, Defendants knowingly and/or intentionally committed the acts complained of herein. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**V.     BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING** (Against Palomar Specialty Insurance Company)

47.     Defendant Palomar Specialty Insurance Company breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the claim when

Palomar Specialty Insurance Company knew or should have known liability was reasonably clear. Palomar Specialty Insurance Company's conduct proximately caused Plaintiff's damages.

48.     Defendant Palomar Specialty Insurance Company is therefore liable to Plaintiff.

## VI.   ATTORNEY'S FEES

49.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorney's fees and expenses through trial and any appeal.

50.     Plaintiff is entitled to recover reasonable and necessary attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001–38.003 because Plaintiff is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

51.     Plaintiff is additionally or alternatively entitled to recover reasonable and necessary attorney's fees pursuant to Tex. Bus. & Com. Code § 17.50(d).

52.     Plaintiff is additionally or alternatively entitled to recover reasonable and necessary attorney's fees pursuant to sections 541.152 and 542.060 of the Texas Insurance Code.

## I.   KNOWLEDGE

53.     Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## J.   DAMAGES

54.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

55.     As previously mentioned, the damages caused by the 10/24/2015 storm have not been properly addressed or repaired in the months since the storm, causing further damages to the

Property, and causing undue hardship and burden to Plaintiff.  These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

56.     For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

57.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

58.     For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

59.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

60.     For fraud, Plaintiff is entitled to recover actual damages, as well as exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

61.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the

preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## K.  STATEMENT OF RELIEF AND DAMAGES

62.     As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  A jury, however, will ultimately determine the amount of monetary relief actually awarded. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## L.  RESERVATION OF RIGHTS

63.     Plaintiff reserves the right to prove the amount of damages at trial.  Plaintiff reserves the right to amend this petition to add additional counts upon further discovery and as the investigation continues.

## M.  JURY DEMAND

64.     Plaintiffs demands in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## N.  REQUEST FOR DISCLOSURE

65.     Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 194.2.

## O.  PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon trial hereof, said Plaintiff has and recover such sum as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition,

Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all court costs on Plaintiff's behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff is justly entitled.

Respectfully submitted,

**ZAR LAW FIRM**

*/s/Matthew M. Zarghouni*
Matthew Zarghouni
State Bar No. 24086085
7322 Southwest Fwy, Suite 1965
Houston, Texas 77074
Office: (713) 333-5533
Fax: (832) 448-9149
Matt@zar-law.com

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I certify that on March 10, 2017, a true and correct copy of this document was electronically filed on the CM/ECF system, and will be served upon served on all counsel of record, as follows:

***Via E-Filing:***
Thomas F. Nye
GAULT, NYE, & QUINTANA, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
tnye@gnqlawyers.com

*/s/ Matthew Zarghouni*
Matthew Zarghouni